**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOHN JANEV,**

**Plaintiff,**

**v.** **Case No. 8:25-cv-1481-JSM-AAS**

**CITY OF GULFPORT,**

**Defendant.**
**______________________________________/**

# ORDER

Defendant City of Gulfport (Gulfport) moves to defer the prepayment of expert witness fees and to compel conferral among the parties regarding reasonable expert fees. (Doc. 23). Plaintiff John Janev did not respond to Gulfport's motion, and the time for doing so has expired. *See* Local Rule 3.01(d), M.D. Fla. ("A party may respond to a motion within fourteen days after service of the motion . . . If a party fails to timely respond, the motion is subject to treatment as unopposed.").

This action arises from property damages allegedly sustained by Mr. Janev's vessel moored at Gulfport's Marina during Hurricane Debby on August 3, 2024. Mr. Janex disclosed Captain Arlen Leiner, AMS/MMS, A&L Maritime Experts, LLC, as its expert in the maritime field. Gulfport requested discovery responses and deposition testimony from Captain Leiner to defend against Mr. Janev's action. Captain Leiner requested prepayment of $4,500.00 for his

deposition testimony and prepayment of $1,000.00 for his responses to discovery requests. Gulfport argues Captain Leiner may not withhold his discovery responses or deposition testimony due to a lack of prepayment.

Rule 26 states that "[u]nless manifest injustice would result, the court must require that the party seeking discovery[ ] pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Fed. R. Civ. P. 26(b)(4)(E)(i). Courts in the Middle District have consistently found that "prepayment of expert witness deposition fees is inappropriate under the Federal Rules of Civil Procedure." *Tennant v. Handi-House Mfg. Co.*, No. 3:16-cv-1276-J-25MCR, 2017 WL 11105252, at *2 (M.D. Fla. Nov. 20, 2017); *see, e.g.*, *Regions Bank v. Kaplan*, No. 8:12-cv-1837-T-17MAP, 2015 WL 4935694, at *2 (M.D. Fla. Aug. 18, 2015) (finding that "Fed[eral] R[ule of] Civ[il] P[rocedure] 26(b)(4)(E) does not require payment in advance of the deposition of the expert," and citing as support "other courts [that] have denied requests for advance payment because Rule 26(b)(4)(E) does not require it") (citations omitted); *Kramer v. Hartford Ins. Co. Of The Midwest*, No. 8:12-cv-1824-T-17AEP, 2013 WL 12155927, at *1 n.1 (M.D. Fla. April 30, 2013) (finding that "prepayment of expert witness fees, including Mr. James's expert witness fees in this action, is inappropriate under the Federal Rules of Civil Procedure," and referencing cases "interpret[ing] the Rule as not requiring a

prepayment of an expert's fees") (citations omitted). Thus, prepayment of expert fees is inappropriate at this stage.

Accordingly, Gulfport's motion to defer prepayment of expert witness fees and for conferral (Doc. 23) is **GRANTED**. Any payment to Captain Leiner is deferred until after he has provided discovery responses and deposition testimony. In addition, the parties must confer on reasonable expert fees for Captain Leiner before requesting court intervention.

**ORDERED** in Tampa, Florida, on September 28, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge